**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KURT VUKONICH,

    Plaintiff,

  v.                                                                                             No. CIV 12-1123 LH/WPL

ALICIA PHILLIPS,
SHERRI BROWNLEE,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss Plaintiff's complaint.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

       The complaint alleges that Defendant Phillips, apparently a private citizen, fraudulently drew

Plaintiff's unemployment benefits. When Plaintiff went to the state unemployment office to report the fraud, a misunderstanding occurred, and Defendant Brownlee, an office supervisor, had him arrested for trespassing. Plaintiff is "now being held liable for the fraud [he] was arrested trying to report." He contends that Defendants' actions violated his "right to freedom, to be in a public place, to report a crime" and Defendant Phillips committed fraud against the government. For relief, the complaint seeks an order requiring the State to pay Plaintiff his unemployment benefits and damages.

The relief that Plaintiff seeks is not available in this action under 42 U.S.C. § 1983. The complaint names two individuals as Defendants but asks for monetary relief only from the State of New Mexico. Even if the Court were to substitute the State as a party, no relief could be ordered. "The Eleventh Amendment bars suits in federal court against states . . . for money damages. Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are 'persons' within the meaning of 42 U.S.C. § 1983." *Florez v. Johnson*, 63 F. App'x 432, 435 (10th Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). "Thus, the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies and applies ' "whether the relief sought is legal or equitable." ' " *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) (internal citations omitted). Because the Court cannot grant the relief that Plaintiff seeks, the complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE